986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Olaf OLSON, Jr.[1], Plaintiff-Appellant,
v.
Kenneth McGINNIS, et al., Defendants-Appellees.
 No. 91-1117.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1993.*
Decided March 2, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Olaf Olson, Jr., a state inmate, sued various prison officials under 42 U.S.C. § 1983 for allegedly violating his constitutional rights to due process during disciplinary proceedings. He now appeals from the district court's order granting summary judgment, which found both that he had received all procedural protections required by the Constitution and that ample evidence supported the actions of the prison Adjustment Committee.
 
 
 2
 Olson's contention that the district court improperly struck several portions of his complaint must fail. While motions to strike generally are disfavored, they can be useful and expeditious when removing "unnecessary clutter from the case". Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir.1989). The district court correctly granted the motion because Olson's complaint contained legal argument and an irrelevant factual allegation. R. 5, 22. In any case, no prejudice resulted because the court in fact considered in its order the arguments contained in the stricken sections.
 
 
 3
 Olson also argues that the district court erred by granting summary judgment prior to the completion of discovery. We review the district court's decision not to permit additional pre-trial discovery for abuse of discretion. Dole v. Local 1942, Int'l Brotherhood of Electrical Workers, 870 F.2d 368, 371 (7th Cir.1989). Olson sought from the defendants the negative result of a drug test administered three days after the events in question (and after an earlier positive reading) as well as the disciplinary board's finding that another inmate was not guilty of a rules violation. Certainly a prisoner is entitled to exculpatory evidence to marshal his defense. Campbell v. Henman, 931 F.2d 1212, 1214 (7th Cir.1991). The information sought by Olson, however, was neither material nor relevant to his civil rights case. Finding no issues of material fact, the district court denied further discovery and granted summary judgment.
 
 
 4
 Our review of that decision is de novo. Hayes v. Otis Elevator Co., 946 F.2d 1272, 1277 (7th Cir.1991). After reviewing the record, we conclude that the district court properly granted summary judgment. Accordingly, we AFFIRM, essentially for the reasons stated in Chief Judge Mihm's attached order.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS
 
 5
 Olafe Olson, Plaintiff,
 
 
 6
 vs.
 
 
 7
 Kenneth McGinnis, et al., Defendants.
 
 No. 91-1117
 
 8
 Nov. 14, 1991.
 
 ORDER
 
 9
 The plaintiff, a state prisoner, has brought this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, various correctional officials, violated the plaintiff's constitutional rights by denying him due process. More specifically, the plaintiff alleges that he was improperly found guilty of drug charges in prison disciplinary proceedings. This matter is before the court for consideration of the defendants' motion for summary judgment. For the reasons stated in this order, the motion will be allowed.
 
 
 10
 Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Herman v. National Broadcasting Co., Inc., 744 F.2d 604, 607 (7th Cir.1984), cert. denied, 470 U.S. 1028 (1985). "[I]n determining whether factual issues exist, a reviewing court must view all the evidence in the light most favorable to the non-moving party." Black v. Henry Pratt Co., 778 F.2d 1278, 1281 (7th Cir.1985). However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359 (7th Cir.1988).
 
 
 11
 The following facts are undisputed: On May 15, 1990, the plaintiff received two disciplinary reports at the Hill Correctional Center. He was charged with Possession of Dangerous Contraband and Possession of Drugs and Drug Paraphernalia.
 
 
 12
 The plaintiff appeared before a prison adjustment committee for hearing on the charges six days later, on May 21, 1990. The plaintiff called no witnesses.[1] The adjustment committee found the plaintiff guilty, relying on a medical report and eyewitness testimony. The plaintiff contends that there was insufficient evidence for a guilt finding. He filed an institutional grievance regarding the disciplinary proceedings; however, the adjustment committee's decisions were upheld.
 
 
 13
 No material facts are in dispute, and the court finds that the defendants are entitled to judgment as a matter of law. Neither the original complaint nor the supplemental count raises a triable issue that the plaintiff's due process rights were violated. Furthermore, the record contains sufficient justification to support the adjustment committee's finding of guilt.
 
 
 14
 In prison disciplinary proceedings, an inmate is entitled to (a) receive advance written notice of the charges against him; (b) request witnesses and present documentary evidence in his defense (subject to the discretion of correctional officials); and (c) receive a written statement of the reasons for the disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Prison officials are not necessarily required to investigate disciplinary charges prior to a hearing. Woodall v. Partilla, 581 F.Supp. 1066, 1074 (N.D.Ill.1984), relying on Wolff, supra.
 
 
 15
 Here, the plaintiff received all the procedural safeguards mandated by the Constitution. The plaintiff admits that he received a copy of the disciplinary reports stating the charges against him in advance of the hearing. The plaintiff appeared before the adjustment committee and was allowed to speak in his defense; he requested no witnesses (See Footnote 1). The day after the hearing, the plaintiff received the adjustment committee summaries stating the reasons for the findings of guilt on both disciplinary reports.
 
 
 16
 The plaintiff's argument that there was an inadequate statement of the reasons for finding him guilty is without merit. It is important to note that this court does not sit in review of the correctness of the prison's disciplinary decisions. The court will not consider re-arguments of the plaintiff's defense and explanations of what the reporting officers might have mistakenly deemed to have been illicit activity. The plaintiff can only prevail on his Fourteenth Amendment claim if the procedures used to arrive at that sanction do not comport with due process. There is sufficient basis for a reviewing court to approve the disciplinary board's decision if "some evidence" supports the decision made by the board. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455 (1985); Hanrahan, 747 F.2d at 1141. Here, the record is satisfactory.
 
 
 17
 Both disciplinary reports concerned the same sequence of events: correctional officers reported that they believed that they had happened upon the plaintiff and another inmate injecting drugs. The plaintiff flushed the articles down a toilet before the officers could recover them.
 
 
 18
 The adjustment committee's summary regarding the first disciplinary report recorded the plaintiff's defense testimony as follows:
 
 
 19
 Chairman read charges 203 [possession of drugs and drug paraphernalia]. Inmate pled not guilty. Stated he was mixing Vitamin C. State he did not have a syringe and at no time did he inject anything into Inmate Hayes N12068 arm. Stated that c/o Hurd was standing there the whole time and the only thing he flushed was some cigarette butts and paper.
 
 
 20
 After reviewing the available information, the Committee nevertheless found the plaintiff guilty of the offense charged. Their stated reasons for the decision were as follows:
 
 
 21
 Committee finds inmate guilty based on Lt. Burton's verified written report stating he personally viewed the inmate inject Inmate Hayes with a syringe. In the subsequent interview Lt. Burton advised he also saw Olson heating the bottom of a brass container, then draw up a liquid substance from it. He then saw Inmate Hayes place something around his upper arm and saw Olson inject the syringe into Hayes' arm. C/O Hurd also observed Inmate Olson throw the syringe into his stool and subsequently flush it down the stool. Committee notes that the Med Unit Director Marlene Guthrie advised that a urinalysis had been completed on Inmate Olson with a Positive Finding for Cocaine and Morphine.
 
 
 22
 A hearing investigator's report containing essentially the same information is also attached to the disciplinary record.
 
 
 23
 The adjustment committee's summary relating to the second report reflected nearly identical proceedings:
 
 
 24
 Chairman read charges 104 [dangerous contraband], 203. Inmate pled not guilty. Stated once again that he did not have any syringe nor did he inject anything into any other inmate's arm. Stated he did flush some trash down the toilet.
 
 
 25
 Again, the Committee found the plaintiff guilty, relying on the plaintiff's suspicious actions, the reporting officers' credibility, and the medical report. The court finds ample evidence of the plaintiff's guilt finding.
 
 
 26
 The plaintiff argues that the Committee ignored exculpatory evidence; however, the plaintiff fails to specify any such exonerating evidence. It is irrelevant that the inmate alleged to have shared drugs with the plaintiff was found not guilty. It is also immaterial that the plaintiff's subsequent urinalysis, taken forty-eight hours later, tested negative for drugs. Traces of the drugs may have left the plaintiff's system by that time; in any case, the plaintiff was charged with possession, not use, of drugs and drug paraphernalia. The plaintiff must also bear in mind that prison inmates facing internal disciplinary charges are not entitled to "the full panoply of rights due a defendant" in criminal proceedings. Wolff, 418 U.S. at 563. Prison officials did not have to test the plaintiff at all.[2]
 
 
 27
 The court is equally unpersuaded that the defendants had to produce the syringe and other drug-related contraband in order to find the plaintiff guilty. The issuing officers were able to glimpse what they believed was drug paraphernalia; however, the plaintiff flushed the objects down a toilet before an officer could grab the items. The plaintiff cannot escape liability simply by disposing of the evidence; indeed, his suspicious dumping of the items only serves to strengthen prison officials' conclusion that the items disposed of were contraband.
 
 
 28
 The plaintiff's supplemental count is also without merit. The plaintiff claims that the adjustment committee summary relating to one report is "not valid" because only one person signed the summary. Prison regulations require that at least two individuals hear (and sign) a disciplinary report. See Ill.Admin.Code, tit. 20, § 504.70(a); § 504.80(1). However, regulations which set forth guidelines for prison staff, not for inmates, do not give rise to an inmate's protectable liberty interest under the U.S. Constitution. Russ v. Young, 895 F.2d 1149, 1152-54 (7th Cir.1990).
 
 
 29
 More importantly, even though the summary bears only one signature, the body of the report refers to both a chairman and another adjustment committee member. Thus, two people served on the committee. The chairman's technical error in failing to sign the summary did not adversely affect the plaintiff and therefore does not rise to the level of a constitutional violation.[3] The defendants are granted summary judgment on the plaintiff's supplemental count as well.
 
 
 30
 In summary, the court finds that no material facts are in dispute and concludes that the defendants are entitled to judgment as a matter of law. The disciplinary proceedings in question afforded the plaintiff all procedural protections required by the Constitution, and the record contains ample evidence to support the adjustment committee's finding of guilt on all charges. None of the purported due process violations were of constitutional dimension. Accordingly, the defendants' motion for summary judgment will be granted.
 
 
 31
 IT IS THEREFORE ORDERED that the defendants' motion for summary judgment (docket # 23) is allowed. The Clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff pursuant to Fed.R.Civ.P. 56. The case is terminated. The parties are to bear their own costs.
 
 
 32
 /s/ Michael M. Mihm
 
 
 33
 MICHAEL M. MIHM,
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 We defer to Olson's spelling of his own name in his pro se brief and the way his signature appears throughout the record
 
 
 [1]
 In his brief opposing summary judgment, the plaintiff now maintains that he "quite emphatically demanded" that witnesses be called. However, he never made such an allegation either in his complaint or in his supplemental complaint. Furthermore, the disciplinary report forms do not contain a request for witnesses, and the adjustment committee summary states that no witnesses were requested. The plaintiff's unsupported assertion, raised at this late stage of the proceedings in a summary judgment brief, is insufficient to withstand the defendants' well-supported motion
 
 
 [2]
 Neither party addresses the possible double jeopardy problem implicated by the disciplinary proceedings. Both disciplinary reports, each of which stemmed from the same occurrence, charged the plaintiff with possession of drug paraphernalia. However, the reports appear to have been treated as a single ticket. The reports were heard in conjunction with each other, and one penalty was imposed for both reports
 
 
 [3]
 Likewise, the obvious typographical error in the defendants' affidavits does not create an issue of fact. The parties agree that the events giving rise to this action occurred in 1990, not 1986. Other purported misstatements in the defendants' affidavits concerning the order of events also fail to influence the court's decision whether due process was afforded